# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                             **PLAINTIFF**

v.                 **CASE NO. 3:22-CR-00029-BSM**

**KENNETH THOMPSON**                                                   **DEFENDANT**
Reg. No. 09822-510

## ORDER

Kenneth Thompson's *pro se* motion to vacate, set aside, or correct his sentence [Doc. No. 59] pursuant to 28 U.S.C. section 2255 is denied.

Thompson pled guilty to possession with intent to distribute methamphetamine and was sentenced as a career offender to 162 months imprisonment. Doc. Nos. 42 & 52. Thompson is moving for relief under 28 U.S.C. section 2225, asserting that his lawyer was ineffective, prosecutorial misconduct, and error. See Mot. Vacate at 5–8, Doc. No. 59.

    A. <u>Ineffective Assistance of Counsel</u>

To prevail on his claim of ineffective assistance of counsel, Thompson must first show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Specifically, he must identify the acts or omissions of counsel that can be characterized as unreasonable professional judgment. *Id.* at 690. Then, it must be determined whether counsel's actions were outside the wide range of professionally competent assistance. *Id.* Thompson's burden is very high because "[j]udicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment." *Id.* at 689–90; *see Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

If Thompson could show that his lawyer's actions were deficient, he would still have to prove prejudice. *Strickland*, 466 U.S. at 694. This would require him to show that, but for his lawyer's errors, there is a reasonable probability the result of the proceeding would have been different. *Id.* The problem for Thompson is that he cannot show deficient performance or prejudice.

Thompson's main argument is that his lawyer was ineffective because he did not support his argument about Thompson's career offender status with November 1, 2024 sentencing guidelines amendments. The problem with this argument is that Thompson's predicate offenses were crimes of violence, namely, second degree battery and terroristic act. *See* 96520b and 09CR-15-73A. Both of these are qualifying predicate offenses for the career offender enhancement. See U.S.S.G. § 4B1.1(a). Additionally, Thompson was informed of his career offender status prior to entering into his plea. *See* Doc. No. 39.

Thompson also argues that his lawyer was ineffective because he did not file an appeal but does not state the grounds he wished for the appeal to be filed on. In fact, Thompson's motion does not state that he asked his lawyer to file an appeal, rather that Thompson allowed the fourteen day period to lapse because his lawyer told him that he did not have solid grounds to appeal. *See Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (defendant must show he instructed counsel to file an appeal); *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curium) (holding that "counsel's failure to

advance a meritless argument cannot constitute ineffective assistance").

    B.    <u>Prosecutorial Misconduct</u>

Prosecutorial misconduct claims require a defendant to show that the government's conduct was improper and affected his substantial rights. *See United States v. Clayton,* 787 F.3d 929, 933 (8th Cir. 2015). Thompson argues that the government's attorney asked for a firearm enhancement at sentencing and should have known the November 1, 2024, amendments do not permit that. Mot. Vacate at 6. Thompson does not meet this burden for several reasons. First, the claim is procedurally defaulted because it was not raised on direct appeal. *See Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012). Second, Thompson knew at his plea that he would be subject to a firearm enhancement. *See* Doc. No. 42 at 4. Third, even if Thompson were able to show that the government engaged in improper conduct, nothing in the record indicates his rights were affected by that conduct.

    C.    <u>Error</u>

Thompson's last argument is that there was "a mistake by a lower court in conducting judicial proceedings or making findings in a case to compel to conclusion that a manifest has been done." See Mot. Vacate at 8. Thompson does not, however, point out what mistake was made. Therefore the argument is denied.

There is no need to conduct an evidentiary hearing because the record conclusively shows that Thompson is not entitled to relief. *See Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014). Furthermore, no certificate of appealability is issued because Thompson has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §

2253(c)(2).

For these reasons, Thompson's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255 is denied.

IT IS SO ORDERED this 21st day of November, 2025.

_____
UNITED STATES DISTRICT JUDGE